**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD WAYNE BEALL,

  Petitioner,

vs.

JAMES A. BENIDETTE, *et al.*,

  Respondents.

2: 10-cv-00189-PMP-RJJ

**ORDER**

  This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has paid the filing fee in this action. Respondents filed a motion to dismiss this petition on May 6, 2010. (Docket #6.)

  On May 14, 2010, petitioner filed a motion for summary judgment. (Docket #11.) Summary judgment is a procedural device available for prompt and expeditious disposition of controversy *without trial* when there is no dispute as to material fact. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche*, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g. Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989); *O'Neal v. McAnnich*, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)). In a habeas proceeding, petitioner does not proceed to "trial." Therefore, the motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the court's making a determination on the merits of a habeas petition. As the court will rule on the petition for writ of habeas corpus in due course, a motion for

1  summary judgment in a habeas proceeding serves no purpose.  Accordingly, the request for
2  summary judgment will be denied.

3  On May 24, 2010, petitioner filed a pleading entitled, "Motion of Preliminary
4  Proceedings of Prosecutorial Discretion and Restorative Justice."  (Docket #13.)  This pleading has
5  no basis in the Federal Rules of Civil Procedure and presents no discernable legal issue.  It will
6  therefore be denied as frivolous.

7  On May 24, 2010, petitioner filed a motion to amend.  (Docket #14.)  In that motion,
8  petitioner provides no explanation as to how or why he wishes to amend his petition.  Petitioner also
9  makes meaningless references to paying a $350 filing fee. No such fee exists in this case.  Petitioner
10 has already paid the $5.00 filing fee in this action.  Petitioner's motion to amend with therefore be
11 denied as meritless.

12 On May 24, petitioner filed a motion for a stay.  (Docket #15.)  In that motion,
13 petitioner does not explain what kind of stay he wants or why he wants it.  Petitioner's motion will
14 therefore be denied as meritless.

15 **IT IS THEREFORE ORDERED** that petitioner's motion for summary judgment
16 (Docket #11) is **DENIED**.

17 **IT IS FURTHER ORDERED** that petitioner's motion of preliminary proceedings of
18 prosecutorial discretion and restorative justice (Docket #13) is **DENIED**.

19 **IT IS FURTHER ORDERED** that petitioner's motion to amend (Docket #14) is
20 **DENIED**.

21 **IT IS FURTHER ORDERED** that petitioner's motion to stay (Docket #15) is
22 **DENIED**.

23

24 DATED: June 18, 2010.

25

26 PHILIP M. PRO
United States District Judge